IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO P. CASTILLO, JR., | No. C 08-2343 CW (PR) |
| Petitioner, | |
| v. | AMENDED ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| BEN CURRY, Warden, | |
| Respondent. | |
| _____/ | |

Pro se Petitioner Francisco P. Castillo, Jr., seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the June 27, 2007 decision of the California Board of Parole Hearings (BPH) denying him parole at his third parole suitability hearing. Doc. No. 1 at 11. Specifically, Petitioner argues he is entitled to federal habeas relief because there was no reliable evidence presented at Petitioner's parole suitability hearing that he posed a "current risk to public safety," and that the BPH did not give him the "individualized consideration" and applied a "blanket no-parole policy" in denying him a parole date, all of which violated his

right to due process.  Id. at 11; Doc. No. 12 at 3 (emphasis omitted).

The United States Supreme Court recently made clear that in the context of a federal habeas challenge to the denial of parole, a prisoner subject to a parole statute similar to California's receives adequate process when the BPH allows him an opportunity to be heard and provides him with a statement of the reasons why parole was denied.  Swarthout v. Cooke, No. 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011).  Here, the record shows Petitioner received at least this amount of process.  The Constitution does not require more. Id. at 5.

The Court also made clear that whether the BPH's decision was supported by some evidence of current dangerousness is irrelevant in federal habeas:  "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Swarthout v. Cooke, slip op. at 6.

Accordingly, the instant federal Petition for a Writ of Habeas corpus is DENIED.

Further, a Certificate of Appealability is DENIED.  See Rule 11(a) of the Rules Governing Section 2254 Cases.  Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may not appeal the

denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

Dated: 2/8/11

CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO P. CASTILLO JR,

        Plaintiff,

v.

B. CURRY et al,

        Defendant.

Case Number: CV08-02343 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco P. Castillo C-85768
Correctional Training Facility
C-329-Low
P.O. Box 689
Soledad, CA 93960

Dated: February 8, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

4